UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

ATAIN SPECIALTY INSURANCE
COMPANY,
          Plaintiff,

v.

JULIAN GREER, *individually and d/b/a*
CHEAPIE TIRE; JAY GREER, *individually
and d/b/a* CHEAPIE TIRE; CHEAPIES #1,
LLC; JEFFREY RYNDERS; and JEFF
BENNER, *individually and as administrator of
the Estates of Gary Wright (deceased) and
Lora Wright (deceased)*,

          Defendants.

Case No. 15-422 JPG/PMF

## **MEMORANDUM AND ORDER**

In light of Seventh Circuit Court of Appeals admonitions, *see Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (noting courts' "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it"). The Court has noted the following defects in the jurisdictional allegations of the Complaint (Doc. 1) filed by plaintiff Atain Specialty Insurance Company:

> **Failure to allege the citizenship of each member of an unincorporated association.** To determine if complete diversity exists, the Court must examine the citizenship of each member of a limited liability company. *See White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684, 686 (7th Cir. 2011); *Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003). The relevant pleading must affirmatively allege the specific states of citizenship of each member of the limited liability company, and "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002). The complaint states the "sole manager member" is a citizen of Illinois. The Court is concerned that there may be other members of the LLC that are not managers.

The Court hereby **ORDERS** that plaintiff Atain Specialty Insurance Company shall have up to and including May 5, 2015 to amend the faulty pleading to correct the jurisdictional defect.  *See* 28 U.S.C. § 1653.  Failure to amend the faulty pleading may result in remand of this case for lack of subject matter jurisdiction.  Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order.  Plaintiff Atain Specialty Insurance Company is directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED: April 21, 2015**

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**