UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>JULIAN GREER, Individually and d/b/a Cheapie Tire; JAY GREER, Individually and d/b/a Cheapie Tire; CHEAPIES #1, LLC; JEFFREY RYNDERS; and JEFF BENNER, Individually and as Administrator of the Estates of Gary Wright, Deceased, and Lora Wright, Deceased,<br><br>    Defendants. | Case No. 15-cv-422-JPG-PMF |

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Atain Specialty Insurance Company's ("Atain") motion for judgment on the pleadings (Doc. 40). Defendant Jeff Benner has responded to the motion (Doc. 42), and Atain has replied to that response (Doc. 43). No other defendant has responded to Atain's motion and has therefore admitted the merits of the motion. *See* Local Rule 7.1(c).

**I.    Judgment on the Pleadings Standard**

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is governed by the same standards as a Rule 12(b)(6) motion to dismiss for failure to state a claim, that is, whether the pleadings contain facts that allow the reasonable inference that the non-moving party could prevail in the action. *Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir.), *cert. denied*, 135 S. Ct. 286 (2014) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). In ruling on a motion for judgment on the pleadings, the Court considers the complaint, answer and any written instruments attached to those pleadings,

accepts all well-pleaded allegations in the non-moving party's pleading as true and draws all inferences in favor of the non-movant. *See Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007); *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000).

**II.   Facts**

Viewed in the light most favorable to the defendants, the pleadings establish the following relevant facts.

Defendant Jeffrey Rynders was employed to work in a tire dealership by some or all of defendants Julian Greer, Jay Greer and Cheapies #1, LLC (the "Cheapie Tire defendants"; which exact defendants is not important to the pending motion). On September 15, 2013, while driving a vehicle for his employer, Rynders had a collision with a motorcycle ridden by Gary and Lora Wright, both of whom died from the accident. Benner, the administrator of the Wrights' estates, sued Rynders and the Cheapie Tire defendants in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, in Case No. 14-L-835, *Benner v. Rynders et al.* That lawsuit seeks to hold Rynders liable based on his driving conduct and to hold the Cheapie Tire defendants liable for negligent hiring, retention and supervision of Rynders and under a vicarious liability theory. Rynders and the Cheapie Tire defendants tendered their defense to Atain under commercial general liability ("CGL") policy number CIP150859 (the "Policy"), but Atain rejected the tender. Atain then filed this lawsuit seeking a declaration that it owes neither a duty to defend nor a duty to indemnify under the Policy because Cheapies #1, LLC is not an insured (Count I) and because the Auto Exclusion excludes Benner's claims from coverage (Count III).

Setting aside disputes over who exactly is insured by the Policy, no party argues that the Policy's coverage does not extend to bodily injury from the accident. They disagree, however,

about whether the Auto Exclusion excludes from that coverage claims for bodily injury as alleged in the underlying lawsuit.  Further, no party disputes that the Auto Exclusion is part of the Policy, but they disagree as to its interpretation.  The Auto Exclusion provides, in pertinent part:

> **g. Aircraft, Auto Or Watercraft**
>
> This insurance does not apply to:
>
> **(1)** "Bodily injury" or "property damage" arising out of or in connection with any aircraft or watercraft unless as outlined below;
> **(2)** "Bodily injury" or "property damage" arising out of or in connection with any "auto" unless as outlined below; or
> **(3)** The "loading or unloading" of any aircraft, "auto" or watercraft by any insured.
>
> This exclusion applies to "bodily injury" or "property damage" arising out of any aircraft, "auto" or watercraft, whether or not owned, maintained, used, rented, leased, hired, loaned, borrowed or entrusted to others or provided to another by any insured.
>
> This exclusion applies even if the claims allege negligence or other wrongdoing in the supervision, hiring, employment, entrustment, permitting, training or monitoring of others by an insured.
>
> This exclusion applies even if the claims against any insured allege direct or vicarious liability.
>
> This exclusion does not apply to:
>
> * * *
>
> **(3)** Parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is not owned by or rented or loaned to you or any insured; [or]
>
> * * *
>
> **(6)** "Bodily injury" . . . arising out of maintenance, service or repair of an "auto" by the Named Insured or their employees on the property of the insured or on the premises of others.

Amendment to Policy § 1, ¶ 2(g), Form AF 000 899 07/2012 (Doc. 14-1 at 56).

**III.     Analysis**

No party contests that Illinois substantive law applies to this case.   Under Illinois law, an insurer has an obligation to defend its insured in an underlying lawsuit if the complaint in the underlying lawsuit alleges facts potentially within the coverage of the insurance policy, even if the allegations end up being groundless, false or fraudulent.   *General Agents Ins. Co. of Am., Inc. v. Midwest Sporting Goods Co.*, 828 N.E.2d 1092, 1098 (Ill. 2005).   To determine if the underlying suit alleges a situation potentially within the insurance coverage, the Court compares the complaint to the relevant provisions of the insurance policy.   *Id.*   If there is no duty to defend, there is necessarily no duty to indemnify.   *National Cas. Co. v. McFatridge,* 604 F.3d 335, 338 (7th Cir. 2010).   Here, the underlying complaint alleges claims for bodily injury that resulted from the September 15, 2013, accident.   The Court must therefore determine whether the Policy potentially covers such claims or whether they are clearly excluded from coverage.

In interpreting an insurance policy, the Court must attempt to effectuate the parties' intention as expressed by the policy.   *Valley Forge Ins. Co. v. Swiderski Elecs., Inc.*, 860 N.E.2d 307, 314 (Ill. 2006).   If the policy is unambiguous, the Court must construe it according to the plain and ordinary meaning of its terms.   *Id.*   On the other hand, if the policy is ambiguous, the Court must construe all ambiguities in favor of the insured and against the insurer, who drafted the policy.   *Id.*   The Court must give the policy and the complaint a liberal construction in favor of the insured.   *Country Mut. Ins. Co. v. Carr*, 867 N.E.2d 1157, 1160 (Ill. App. Ct. 2007). Generally, the insured bears the burden of proving the claim is covered under a policy's grant of coverage, and the insurer bears the burden of proving an exclusion applies.   *Addison Ins. Co. v. Fay*, 905 N.E.2d 747, 752 (Ill. 2009).

Atain argues that the Policy's Auto Exclusion unambiguously excludes claims for "'bodily injury' . . . arising out of or in connection with any 'auto,'" with inapplicable exceptions. It further argues that the Wrights' bodily injury from the September 15, 2013, traffic accident clearly arose out of or was in connection with the auto Rynders was driving at the time of the collision with the motorcycle the Wrights were riding. Atain notes that the Auto Exclusion is broad and expressly excludes from coverage even derivative claims like negligent hiring, retention or supervision or vicarious liability as long as the bodily injury for which damages are claimed in the underlying suit arose out of or was in connection with an "auto."

On the other side, Benner contends that the Wrights' bodily injuries arose not out of or in connection with an "auto" but with *Rynders' negligent use of an "auto."* Benner argues that for a claim to arise out of or be in connection with an "auto," there must be a causal relation or nexus between the inherent nature of the auto and the injuries suffered, which he argues does not exist in this case. He also points to the changes from the Policy's original Auto Exclusion, which excluded bodily injury "arising out of the ownership, maintenance, use or entrustment to others of any 'auto' owned or operated by or rented or loaned to any insured," Policy § 1, ¶ 2(g) (Doc. 14-1 at 74). He argues these changes demonstrate the exclusion no longer covers the "use" of an "auto" but is now limited to coverage for injuries from the inherent nature of the auto. At a minimum, Benner argues, the Auto Exclusion is ambiguous and should be construed in his favor to cover the claims in the underlying lawsuit.

The Court finds that the Auto Exclusion unambiguously excludes claims for bodily injuries based on traffic accidents like the September 15, 2013, accident between Rynders and the Wrights. As a preliminary matter, the phrase "arising out of or in connection with" is extremely broad,

although the Court should give it the most limited interpretation possible in favor of the insured when it appears in an exclusion. *Allstate Ins. Co. v. Smiley*, 659 N.E.2d 1345, 1351 (Ill. App. Ct. 1995) (citing *Oakley Transp., Inc. v. Zurich Ins. Co.*, 648 N.E.2d 1099, 1103-04 (Ill. App. Ct. 1995)). "'Arising out of' has been held to mean 'originating from,' 'having its origin in,' 'growing out of' and 'flowing from.'" *Maryland Cas. Co. v. Chicago & N. W. Transp. Co.*, 466 N.E.2d 1091, 1094 (Ill. App. Ct. 1984) (quoting *Western Cas. & Sur. Co. v. Branon*, 463 F. Supp. 1208, 1210 (E.D. Ill. 1979)). It has also been held to mean "'[t]o spring up, originate, to come into being or notice' or 'to come into being,' 'to come about: come up: take place.'" *Allstate*, 659 N.E.2d at 1351 (internal citations omitted). Clearly, the phrase connotes a causal relationship rather than an incidental or fortuitous confluence of facts. *See Toler v. Country Mut. Ins. Co.*, 462 N.E.2d 909, 913 (Ill. App. Ct. 1984) ("It is well settled that some causal relation is necessary between an injury and the use of a motor vehicle for there to be coverage under the "arising out of the use" clause of a vehicle insurance policy."); *see, e.g., Western Cas.*, 463 F. Supp. at 1210-12 (finding accidental shooting that happened to take place inside a van does not "arise out of the use of a vehicle"). "In connection with" is also broad and does not necessarily even connote a causal connection as long as some significant connection exists.

Even giving the Auto Exclusion the most narrow reading possible, there is no way the claims in the underlying lawsuit are not excluded from coverage. The causal relationship alleged in that case clearly falls within the exclusion's "arising out of" provision: Benner alleges that the Wrights' injuries and subsequent deaths were caused by their being struck by the vehicle Rynders was driving. Thus, it is alleged that their injuries "originated from," "grew out of," "flowed from" an "auto," and that their injuries "came into being," and "took place" because of an "auto." The

6

involvement of the "auto" was not fortuitous or incidental to their injuries but was the very instrument of those injuries while the "auto" was being driven, the customary manner in which an "auto," by its very nature, is meant to be used.   Additionally, the injuries also are clearly alleged to have occurred "in connection with" an auto.   Thus, the alleged accident "arose out of or in connection with" the auto Rynders was driving.   To hold otherwise would read the Policy to extend beyond what the parties' to the Policy intended as expressed by the Auto Exclusion's broad language.

The Court rejects the suggestion that claims "arising out of or in connection with any 'auto'" (the current Auto Exclusion) and claims "arising out of the . . . use . . . of any 'auto'" (the original Auto Exclusion) are mutually exclusive and that Atain intended to omit "use" claims from the current exclusion.   On the contrary, the current Auto Exclusion generally encompasses – and is broader than – the original Auto Exclusion; an injury arising out of the "use" of a vehicle, that is, the driving and operating of a vehicle, *see State Farm Fire & Cas. Co. v. Perez*, 899 N.E.2d 1231, 1238 (Ill. App. Ct. 2008), must necessarily also "arise out of or in connection with" the vehicle. Indeed, the current Auto Exclusion expressly provides it exceeds the scope of the former exclusion because it applies to bodily injury arising out of an "auto" "whether or not . . . used. . . ." and to derivative claims such as negligent supervision, hiring or employment or claims based on vicarious liability.   Amendment to Policy § 1, ¶ 2(g), Form AF 000 899 07/2012 (Doc. 14-1 at 56).

Finally, consideration of the purpose of a CGL insurance policy does not lead the Court to a different conclusion.   CGL policies and commercial auto insurance policies serve different purposes:

> Standard commercial liability policies are issued to cover all hazards incident to the operation of a business with the exception of certain excluded risks, including those involved in the ownership maintenance, use or entrustment of an "auto". The premium charged by the CGL insurer reflects the underwriting objective of placing automobile accidents beyond the scope of coverage. These latter risks involve unique hazards to which the general business of the insured is not subject. For that reason, they are generally covered as a special class by an automobile liability policy. . . .

*Oakley Transp.*, 648 N.E.2d at 1107; *accord Mid-Continent Cas. Co. v. Advantage Med. Elecs., LLC*, No. 1140908, 2015 WL 6828722, at *5 (Ala. Nov. 6, 2015) (not yet released for publication) (the purpose of an auto exclusion in a CGL policy "is to proscribe coverage for liability that should more properly fall under an automobile-liability policy"); *see, e.g., BP America, Inc. v. State Auto Prop. & Cas. Ins. Co.*, 148 P.3d 832, 839 (Okla. 2005) (refusing to read auto exclusion so that it would "unilaterally convert a general liability policy – without motor vehicle coverage – into a [sic] automotive liability policy").

    Indeed, it is clear from the Policy as a whole in this case that the parties intended it to cover the "hazards incident to operation of a business" other than driving its own vehicles. The fact that the Cheapie Tire defendants are in the tire business presumably means there will be vehicles on its premises involved in the operation of its business but not owned, rented or leased for business use, and the Policy makes special provisions for those vehicles. It appropriately carves out exceptions to the Auto Exclusion for "autos" parked on or near the premises but not used to operate the business and for "autos" being serviced by the business. Amendment to Policy § 1, ¶ 2(g)(3) & (6), Form AF 000 899 07/2012 (Doc. 14-1 at 56). This is consistent with *Oakley Transport*'s explanation of the interrelationship between a CGL and automobile insurance policy and with the Court's holding in this case.

    Because Benner has not alleged claims in the underlying action that are potentially covered

by the Policy, the Court finds Atain is entitled to judgment on the pleadings as to Count III. All claims in the underlying action are excluded from coverage under the Auto Exception. Accordingly, Atain has no duty to defend or indemnify Rynders or the Cheapie Tire defendants in connection with the underlying action. Additionally, Benner has conceded Atain is entitled to judgment as a matter of law on Count I, alleging that Cheapies#1, LLC, is not insured by the Policy. In light of this holding, the other claims in this case (Counts II and IV) are rendered moot.

IV.   **Conclusion**

For the foregoing reasons, the Court:

- **GRANTS** the motion for judgment on the pleadings as to Counts I and III (Doc. 40);

- **DISMISSES without prejudice as moot** Counts II and IV; and

- **DIRECTS** the Clerk of Court to enter judgment declaring the following:

  Plaintiff Atain Specialty Insurance Company owes no duty to defendants Julian Greer, individually and d/b/a Cheapie Tire; Jay Greer, individually and d/b/a Cheapie Tire; Cheapies #1, LLC; or Jeffrey Rynders to defend or indemnify under Commercial General Liability insurance policy number CIP150859 the claims brought in *Benner v. Rynders et al.*, Case No. 14-L-835, Circuit Court for the Third Judicial Circuit, Madison County, Illinois.

**IT IS SO ORDERED.**
**DATED:   April 19, 2016**

                                    s/ J. Phil Gilbert
                                    **J. PHIL GILBERT**
                                    **DISTRICT JUDGE**